RONALD WILCOX, Bar No. 176601
1900 The Alameda Ste., 530
San Jose, CA 95126
Tel: 408-296-0400
Fax: 408-296-0486
ronaldwilcox@gmail.com

IVAN LOPEZ VENTURA, Bar No. 255743
5155 West Rosecrans Avenue Ste., 224
Hawthorne, CA 90250
Tel:  714-788-4804
Fax:  949- 266-8230
lopezesq@gmail.com

Counsel for the Plaintiff
ELISA R. ROMERO

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

## (SAN DIEGO DIVISION)

| | |
|---|---|
| ELISA R. ROMERO,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT STORES NATIONAL BANK; FDS BANK;<br>DOES 1 through 10, inclusive<br><br>Defendants. | Case No.:  **'15CV0193 CAB MDD**<br><br>**COMPLAINT FOR:**<br><br>**1. VIOLATIONS OF THE RFDCPA;**<br><br>**2. INTRUSION UPON SECLUSION;**<br><br>**3. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS;**<br><br>**4. VIOLATIONS OF THE TCPA;**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

1

1

## **INTRODUCTION**

2

3

1. Defendant placed at least two hundred and seventy six (276) telephone calls

4

to Plaintiff, from approximately July to December 2014, in an attempt to

5

collect a debt.  This was despite Plaintiff's repeated requests it cease.

6

Defendant placed automated telephone dialing system calls to Plaintiff's

cellular phone, and left pre-recorded messages, without her consent.

7

2. Defendant violated the Rosenthal Fair Debt Collection Practices Act

8

(RFDCPA), Telephone Consumer Protection Act, intruded upon Plaintiff's

9

seclusion and negligently inflicted emotional distress.

10

3. Defendant's unlawful conduct caused Plaintiff severe and substantial

11

emotional distress, including physical and emotional harm, including but not

12

limited to: anxiety, stress, headaches (requiring ibuprofen, over the counter

13

health aids), back, neck and shoulder pain, sleeping issues (requiring over

14

the counter health aids), anger, embarrassment, humiliation, depression,

frustration, shame, lack of concentration, dizziness, weight loss, nervousness

15

and tremors, family and marital problems that required counseling, amongst

16

other injuries and negative emotions.

17

4. Defendant has a history and plan of unlawful collection practices. *Trejo v.*

18

*Department Stores National Bank and FDS Bank,* Case# 13-2064 (N.D. Cal.

2013), *Savage v. Department Stores National Bank and FDS Bank,* Case#

19

14-03633 (N.D. Cal. 2013).

20

5. According to the Federal Fair Debt Collection Practices Act, 15 U.S.C.1692,

21

which the RFDCPA incorporates:

22

23

(a) There is abundant evidence of the use of abusive, deceptive, and

unfair debt collection practices by many debt collectors. Abusive debt

24

collection practices contribute to the number of personal bankruptcies,

25

COMPLAINT

1   to marital instability, to the loss of jobs, and to **invasions of**

2   **individual privacy**.

3   ### JURISDICTION AND VENUE

4   6.  Jurisdiction of this Court arises under Title 47 U.S.C section 227 (g)(2) and

5   28 U.S.C. section 1331 and supplemental jurisdiction exists for the state law

6   claims pursuant to 28 U.S.C. section 1367.  Defendants have offices and do

7   business here in California, and therefore personal jurisdiction is established.

8   7.  Venue is proper because Defendants regularly transact business in this

9   county and the conduct complained of occurred here.

10   ### PARTIES

11   8.  Plaintiff, ELISA R. ROMERO ("Ms. Romero"), is a natural person as

12   defined by Cal. Civil Code section 1788.2(g) and resides in Chula Vista,

13   California (San Diego County).  Plaintiff is also a "debtor" as that term is

14   defined by Cal. Civil Code section 1788.2(h).

15   9.  Defendant, DEPARTMENT STORES NATIONAL BANK

16   ("DEPARTMENT STORES") is a "creditor" and "debt collector" as those

17   terms are defined by Cal. Civil Code sections 1788.2(c) and 1788.2(i).

18   Defendant regularly collects debts on its own behalf, and engages in "debt

19   collection" as that term is defined under Civil Code section 1788.2(b).

20   10. Defendant, FDS BANK ("FDS") is a "creditor" and "debt collector" as those

21   terms are defined by Cal. Civil Code sections 1788.2(c) and 1788.2(i).

22   Defendant regularly collects debts on its own behalf, and engages in "debt

23   collection" as that term is defined under Civil Code section 1788.2(b).

24   11. Defendants Does 1 through 10 are persons or entities whose true names and

25   capacities are presently unknown to Plaintiff and who therefore are sued by

COMPLAINT

such fictitious names.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants perpetrated some or all of the wrongful acts alleged herein, is responsible in some manner for the matters alleged herein, and is jointly and severally liable to Plaintiff. Plaintiff will seek leave to amend this complaint to state the true names and capacities of such fictitiously named Defendants when ascertained.

12. Plaintiff alleges that at all times herein mentioned, each of the Defendants were, and is now, the agent, servant, employee and/or other representative of the other Defendants, and in doing the things herein alleged, was acting in the scope, purpose and authority of such agency, service, employment, and/or other representative capacity with the permission, knowledge consent and ratification of the other Defendants.

13. Defendants authorized, approved and/or ratified the acts herein.

14. Any reference hereinafter to "Defendant" or "Defendants" without further qualification is meant by Plaintiff to refer to all the Defendants above.

## FACTUAL ALLEGATIONS

15. Ms. Romero allegedly became indebted to Defendants via a MACYS Star Rewards Consumer Credit Card.  The alleged "debt" was incurred for personal, family or household purposes and were "consumer credit transactions" as those terms are defined by California Civil Code §§ 1788.2(d) & (e).  Defendants were attempting to collect a "debt" as that term is defined by Cal. Civil Code section 1788.2(d).

**Defendant Makes Repeated and Continual Calls, Despite Requests to Cease**

16. In an effort to be repaid for the Macys credit card debt Defendants made repeated and continuous calls to Plaintiff.

17. This was despite Plaintiff's repeated requests it cease. Defendant placed at least two hundred and seventy six (276) or more telephone calls to Plaintiff, in about six (6) months (from approximately July to December 2014), in an attempt to collect a debt.

18. Defendants placed automated telephone dialing system calls to Plaintiff's cellular phone, and left pre-recorded messages, without her consent.

19. On at least the following dates Plaintiff informed Defendant she was unable to pay the debt and requested Defendants stop calling her: July 12, 2014; September 17, 2014.

20. However, Defendants continued to call Plaintiff's cell phone number, with a frequency as would be unreasonable and harassment under the circumstances.

21. Often times Defendants would call Plaintiff's cell phone multiple times a day and/or from multiple and different states and/or from different and multiple phone numbers and area codes.

**FIRST CLAIM FOR RELIEF - RFDCPA**
*Rosenthal Fair Debt Collection Practices Act (Cal. Civil Code §1788 et seq.)*

22. Plaintiff repeats and re-alleges, and incorporates by reference all the paragraphs above.

23. Defendants' acts and omissions, and course of conduct, as more fully described above, constitute numerous and multiple violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") et seq.,

COMPLAINT

1    including, but not limited to, the violations of §§ 1788 et seq., §§ 1788.11

2        and 1788.17.

3    24. Defendants violated California Civil Code § 1788.11, including 1788.11(d)

4        and (e) by  causing a telephone to ring repeatedly or continuously to annoy

5        the person called; and communicating by telephone, with Plaintiff with such

6        frequency as to be unreasonable frequency as to constitute a harassment

7        under the circumstances.

8    25. Defendants violated California Civil Code § 1788.17 (via incorporation of

9        15 U.S.C. 1692d), by engaging in conduct the natural consequence of which

10        is to annoy, harass, oppress and abuse, including, but not limited to: failing

11        to cease and desist, placing repeated and continuous telephone calls despite

12        requests to cease.

13    26. Defendants violated California Civil Code § 1788.17 (via incorporation of

14        15 U.S.C. §1692e), by making false, deceptive and/or misleading

15        representations in an attempt to collect a debt, and taking action they could

16        not legally take.

17    27. Defendants violated California Civil Code § 1788.17 (via incorporation of

18        15 U.S.C. §1692f), by engaging in an unfair and unconscionable act in an

19        attempt to collect a debt.

20    28. As a result of Defendants' violations, Plaintiff is entitled to recover statutory

21        damages, actual damages, reasonable attorney's fees, and costs, pursuant to

22        Cal. Civil Code sections 1788.17 and 1788.30 (via incorporation of 15

23        U.S.C. 1692k).

24        / / /

25        / / /

COMPLAINT

## SECOND CLAIM FOR RELIEF – INTRUSION UPON SECLUSION

29. Plaintiff repeats, re-alleges, and re-incorporates by reference all of the paragraphs above as though fully stated herein.

30. Our legislature explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Rosenthal Fair Debt Collection Practices Act and incorporating most of the Federal Act's provisions into the California's Fair Debt Collection Practices Act, when Congress stated, as part of its findings:

> **Abusive debt collection practices contribute** to the number of **personal bankruptcies**, to marital instability, to the loss of jobs, and **to invasions of individual privacy.** 15 U.S.C. § 1692(a) (emphasis added).

31. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.[1]

32. Defendants intentionally interfered, physically or otherwise, with the solitude, seclusion of Plaintiff, namely, by engaging in unlawful and intrusive communications.

33. Defendants intentionally caused harm to Plaintiff's emotional well-being by engaging in highly offensive conduct in the course of collecting this debt, and thereby invaded and intruded upon Plaintiff's rights to privacy.

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

COMPLAINT

34. Plaintiff has a reasonable expectation of privacy in her solitude, seclusion, and or private concerns or affairs.

35. These intrusions and invasions against Plaintiff by Defendants occurred in a way that would be highly offensive to a reasonable person in that position.

36. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

37. Defendants also acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

**THIRD CLAIM FOR RELIEF – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

38. Plaintiff incorporates by reference the above paragraphs as though fully stated herein below.

39. Defendants' outrageous, abusive and intrusive acts as described herein constituted negligence.

40. Defendants negligently inflicted emotional distress upon Plaintiff.

41. Defendants negligently trained and supervised its collectors.

42. Defendants breached a duty imposed and failed to exercise ordinary care.

43. Defendants owed Plaintiff a duty to refrain from unlawful debt collections (California Civil Code §1788 et seq.) and unlawful telephone conduct (Penal Code §653m and the Telephone Consumer Protection Act 47 U.S.C. §227(b)(1)(A)).

44. The breach of such duty proximately caused injury to Plaintiff.

45. The injury resulted from an occurrence the nature of which these statutes were designed to protect Plaintiff from.

COMPLAINT

46. Plaintiff is a member of the class of persons the statutes were designed to protect.

47. Defendants' conduct, as described herein, was wrongful conduct in that the Defendants conducted their business in an abusive, oppressive, and harassing manner.

48. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages in an amount to be determined at trial. Defendants' wrongful conduct as described herein actually and proximately caused Plaintiff harm, as noted above.

49. Defendants acted with oppression, and/or malice, thereby entitling Plaintiff to punitive damages in an amount to be determined at trial. Defendants acted in a despicable manner and acted with a conscious disregard to the rights of Plaintiff.

### FOURTH CLAIM FOR RELIEF - TCPA
*(Telephone Consumer Protection Act)*

50. Plaintiff repeats, re-alleges and incorporates by reference all other paragraphs.

51. At all times relevant to this complaint, Plaintiff was and is a "person" as defined by the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 153(32).

52. At all times relevant to this complaint, the Defendants have owned, operated, and/or controlled "customer premises equipment" as defined by the TCPA, 47 U.S.C. § 153(14) that originated, routed, and/or terminated telecommunications.

53. The Defendants at all times relevant to the complaint herein engaged in

COMPLAINT

"telecommunications" defined by the TCPA, 47 U.S.C § 153(43).

54. The Defendants at all times relevant to the complaint herein engaged and

engages in "interstate communications" by the TCPA, 47 U.S.C. § 153(22).

55. At all times relevant to this complaint, the Defendants used, controlled,

and/or operated "wire communications" as defined by the TCPA, 47 U.S.C.

§ 153(52), that existed as instrumentalities of interstate and intrastate

commerce.

56. At all times relevant to this complaint, the Defendants used, controlled,

and/or operated "automatic telephone dialing systems" as defined by the

TCPA, 47 U.S.C. § 227(a)(1) and 47 C.F.R. § 64.1200 (f)(1).

57. Defendants violated the TCPA, 47 U.S.C. § 227(b)(1)(A), by using an

automatic telephone dialing system to telephone a cellular phone, without

Plaintiff's consent or for emergency purposes.

58. Defendants' violations were willful and knowing.

59. As a result of these violations of the TCPA, Defendants are liable to Plaintiff
for statutory damages, including treble damages.

60. Defendants engaged in willful and knowing violations of the TCPA, 47
U.S.C. § 227(b)(1)(A).

61. Defendants used an automated telephone dialing system and pre-recorded
messages to telephone Plaintiff's cellular telephone, without her consent.

62. Defendants' acts were willful, intentional and knowing.

COMPLAINT

63. Defendants acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

64. Plaintiff is entitled to recover actual and punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, respectfully prays that judgment be entered against the Defendants for the following:

    A.  Actual, statutory and punitive damages.

    B.  Statutory damages pursuant to Civil Code §§ 1788.30(b) and 1788.17 (via incorporation of 15 U.S.C. §1692k);

    C.  Statutory damages pursuant to the TCPA (including a trebling of those damages);

    C.  Punitive damages, pursuant to Cal. Civil Code §3294;

    D.  Costs and reasonable attorney's fees pursuant to Cal. Civil Code §§ 1788.30 and 1788.17 (via incorporation of §15 U.S.C. 1692k);

    E.  Injunctive relief pursuant to 47 U.S.C. 227(b)(3)(A), and;

    F.  For such other and further relief as may be just and proper.

Respectfully submitted,

<u>January 29, 2015</u>        /S/ Ivan M. Lopez Ventura
Date                  Ivan M. Lopez Ventura, Counsel for Plaintiff
                              IVAN LOPEZ VENTURA, Bar No. 255743
                              5155 West Rosecrans Avenue Ste., 224
                              Hawthorne, CA 90250
                              Tel:  714-788-4804
                              Fax:  949- 266-8230
                              lopezesq@gmail.com

COMPLAINT

1

## DEMAND FOR JURY TRIAL

2

3        Please take notice that Plaintiff demands trial by jury in this action.

4

5    January 29, 2015                    /S/ Ivan M. Lopez Ventura
     Date                               Ivan M. Lopez Ventura, Counsel for Plaintiff
6                                        IVAN LOPEZ VENTURA, Bar No. 255743
                                         5155 West Rosecrans Avenue Ste., 224
7                                        Hawthorne, CA 90250
                                         Tel:  714-788-4804
8                                        Fax:  949- 266-8230
                                         lopezesq@gmail.com
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

COMPLAINT